IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID WALLS, On Behalf Of Himself And On Behalf Of All Others Similarly Situated, </br></br> Plaintiff, </br></br> vs. </br></br> THE DIAL CORPORATION, </br></br> Defendant. | ) ) ) ) ) ) CIVIL NO. 3:10-cv-00734-JPG-DGW ) ) ) ) ) |

**DEFENDANT'S MOTION TO DISMISS
AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

The Dial Corporation ("Dial") moves to dismiss plaintiff David Walls' complaint under Federal Rule of Civil Procedure 12(b)(6) because it does not state any plausible grounds for relief. Walls alleges that Dial deceptively marketed its Dial Complete Foaming Antibacterial Hand Wash ("Dial Complete") as performing better than regular soap and water at reducing bacteria. But plaintiff admits that Dial has a study supporting its alleged claims – and plaintiff does not identify any defect in the study or any other grounds for invalidating its results. On these pleaded facts, plaintiff's claims for violation of the Illinois Consumer Fraud Act ("ICFA"), breach of warranty, and unjust enrichment are not plausible and should be dismissed for failure to comply with Rules 8 and 9(b).

Plaintiff's unjust enrichment and breach of warranty claims also cannot stand. First, plaintiff's unjust enrichment claim fails because he also alleges the existence of a written contract. In addition, Illinois law bars plaintiff's economic-only breach of warranty claim

because he has not alleged that he was in privity with Dial.  For all of these reasons, as discussed further below, plaintiff's complaint should be dismissed with prejudice.

## BACKGROUND

Dial Complete is an antibacterial liquid hand soap that is dispensed as a foam through a patented pump.  (Compl., ¶ 17.)  The product's packaging states that it "kills 99.99% of germs*," is "#1 Doctor Recommended**," and "kills more germs than any other liquid hand soap."  (*Id.* ¶¶ 2, 17 (copy of packaging, an enlarged version of which is attached as Exhibit A.)[1]  The active antibacterial ingredient in Dial Complete is triclosan, which is present in the product at 0.46%.  (Ex. A; Compl., ¶¶ 13, 18).

Walls alleges that the marketing of Dial Complete, including its name and other representations, impliedly conveyed one message: that Dial Complete is "more effective at protecting [against] germs [than] washing with soap and water."  (*Id.* ¶ 24; *see also id.* ¶ 16.)  Walls contends that this "superiority" message is deceptive and misleading, leading him and other consumers to pay a higher price for the product than they otherwise would have paid.  (*Id.* ¶¶ 6, 10, 24-26.)  Based on these allegations, Walls asserts claims for violation of the ICFA (Count I), breach of warranty (Count II), and unjust enrichment (Count III).

At the same time, Walls admits that Dial has support for its claims about Dial Complete.  (*Id.* ¶ 28.)  His complaint cites a study performed at the Dial Center for Innovation, the results of which were published in an article in a peer-reviewed, scientific journal.  *See* George E. Fischler, et al., *Effect of Hand Wash Agents on Controlling the Transmission of Pathogenic Bacteria from*

---

[1] The asterisk following "kills 99.99% of germs" leads to the statement "Encountered in household settings," while the asterisks following "#1 Doctor Recommended" lead to the

*Hands to Food*, 70 J. of Food Protection, 12:2873-2877 (2007) (the "Fischler Study"), a copy of which is attached to this memorandum as Exhibit B.[2] The article concludes that Dial Complete reduces the amount and transmission of bacteria more effectively than plain soap and water. (Ex. B, 2875.)

Plaintiff's recognition that the Fischler Study – the conclusion of which he does not challenge – supports Dial's marketing claims undercuts his core assertion that those claims are deceptive. For this reason and others set forth more fully below, plaintiff's complaint fails to set forth a plausible ground for relief and should be dismissed.

## ARGUMENT

**I.    PLAINTIFF FAILS TO PLEAD HIS CLAIMS IN ACCORDANCE WITH RULES 8 AND 9(b).**

    **A.    Plaintiff's Claims Are Not Plausible In Light Of The Dial Study.**

The premise of each of plaintiff's claims is that Dial marketed Dial Complete as performing better than traditional hand soap when that representation was untrue. (*See* Compl., ¶¶ 2 (Dial Complete represented to "kill[] more germs than other liquid hand soaps when in actuality, it does not"), 50-53 (alleged representation that Dial Complete is a "superior" product is an "unfair business practice" and "deceptive" practice under the ICFA), 61 (Dial breached warranty by not providing "the benefits promised"), 65 (Dial Complete allegedly did not

---

language "Antibacterial Liquid Hand Wash." (*See* Ex. A.)
[2] Plaintiff refers to this article, but does not attach it. (Compl., ¶ 28.) Because the substantiation of the claims made about Dial Complete is central to plaintiff's claims, the Court may consider the study without converting Dial's motion to one for summary judgment. *See Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) ("Documents that a defendant attached to a motion to dismiss are considered part of the pleading if they are referred to in the plaintiff's complaint and are central to her claim.") (internal citations omitted).

"perform as promised").) Put differently, the only way that the alleged representation that Dial Complete "performs better" than regular soap and water could possibly constitute an unfair business practice, deception, breach of warranty, or unjust enrichment, is if it were untrue.[3]

Dismissal under Rule 12(b)(6) is appropriate if a complaint is not plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasis added); *see also Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009); *Knoob Enterprises, Inc. v. Cole*, No. 08 C 441, 2009 WL 3188237, at *1 (S.D. Ill. Oct. 5, 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Determining plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950. In addition, fraud-based claims such as plaintiff's must be pleaded with

---

[3] Plaintiff's complaint does not directly challenge the truthfulness of the statements "kills 99.99% of germs*," "#1 Doctor Recommended**," or any of the "other claims" to which it refers. (*Id*. ¶¶ 2, 17.) Rather, plaintiff appears to have listed these representations in the complaint because, taken together, they allegedly "conveyed one message" that Dial Complete performs better than regular soap and water. (*See id.* ¶ 3.) It is this "one message" that plaintiff contends is deceptive and misleading.

To the extent that plaintiff intended to claim that statements other than the alleged "one message" are deceptive or misleading, he has wholly failed to plead such claims in accordance with Rules 8 and 9(b). *See infra*, at 4-5. Plaintiff does not plead any particularized facts that would support such claims, let alone any that make them plausible. *See, e.g., U.S. ex rel. Garst v. Lockheed-Martin Corp.*, No. 98 C 5072, 2002 WL 1794004, at *3 (N.D. Ill. Aug. 2, 2002) (dismissing claim subject to Rule 9(b) with prejudice because the plaintiff offered only "reasons why he believes *all* of the listed claims are false, rather than explaining why each specific claim is false"). For example, plaintiff does not allege that he conducted a study and found that doctors do not recommend Dial Complete. Nor has he alleged that any study shows Dial Complete to be something less than 99.99% effective at killing germs encountered in household settings. Without such allegations, plaintiff has alleged no factual basis for challenging any of the particular claims made about Dial Complete.

4

particularity under the heightened pleading standard of Rule 9(b). *See Borsellino v. Goldman Sachs Group, Inc.,* 477 F.3d 502, 507 (7th Cir. 2007); *In Re Yasmin and Yaz (Drospirenone) Mkt'g, Sales Pracs. and Prods. Liab. Litig.*, 692 F.Supp.2d 1012, 1023 (S.D. Ill. 2010) (fraud-based ICFA claims subject to 9(b)); *In re Sears, Roebuck & Co. Mktg. & Sales Practices Litig.,* No. MDL-1703, 2009 WL 937256, at *11 (N.D. Ill. Apr. 6, 2009) (dismissing fraud-based unjust enrichment claims under Rule 9(b)). Thus, to satisfy Rules 8 and 9(b), plaintiff must allege ***particularized facts*** showing that it is plausible that Dial fraudulently marketed Dial Complete as better than regular soap and water.

The Complaint in fact alleges the very opposite. Plaintiff affirmatively alleges that Dial based the claims about Dial Complete on the Fischler Study. (Compl., ¶ 28.) Fischler et al. evaluated the comparative effectiveness of Dial Complete and non-antimicrobial hand soap in reducing the amount and transmission of bacteria as follows: To establish a baseline, bacteria were applied to the subjects' hands, which were then washed with either Dial Complete or a non-antimicrobial soap. (Ex. B, 2874.) The subjects subsequently handled a food product (cantaloupe melon balls) with one hand and left the other free; bacterial counts on the hands and melon balls were obtained to determine the number of bacteria remaining or transferred post-wash. (*Id*.) Researchers compared the number of post-wash bacteria that were left after use of Dial Complete with those left after use of the non-antimicrobial soaps. (*Id*.)

The differences demonstrated that Dial Complete was significantly more effective than plain soap and water at reducing the amount and transmission of bacteria. (*Id*. at 2875.) The authors concluded that "hand washing with an efficacious antimicrobial soap provides a greater benefit" than "washing with plain soap and water." (*Id*.)

Plaintiff does not challenge any aspect of the Fischler Study. While plaintiff characterizes the study as "self-serving" because it was sponsored by Dial, that does not render its results unreliable, much less fraudulent. As other courts have recognized, internal studies may provide proper substantiation for a marketing claim. *See Labware, Inc. v. Thermo Labsystems, Inc.*, No. Civ.A.04-2545, 2005 WL 1541028, at *10 (E.D. Pa. June 29, 2005) (defendant's prior experience with a similar product, "along with the internal product tests conducted on [product at issue], provided [defendant] with more than sufficient substantiation for its representations"); *Healthpoint, Ltd. v. Stratus Pharms., Inc.*, 273 F. Supp. 2d 769, 813 (W.D. Tex. 2001) (denying preliminary injunction where only evidence supporting a false representation claim was that the defendant performed its own study).

Plaintiff's conclusory statement elsewhere in the complaint that there "are no reliable studies" supporting the claims made about Dial Complete (Compl., ¶ 4) is not a criticism of the Fischler Study, nor even a particularized allegation of fact, as is required. He does not allege, for example, flaws in the way in which the study was conducted, the methodology used, the data relied upon, or the conclusions reached. There is no hint of a claim that the study results were falsified or fraudulently obtained. *Cf. Tylka v. Gerber Prods. Co.*, No. 96 C 1647, 1999 WL 495126, at *9 (N.D. Ill. July 1, 1999) (dismissing claim of false comparative advertising of Gerber baby food because, *inter alia*, "[t]here is no assertion that the statistics [of underlying comparative study] are falsified"). His statement that there are "no reliable studies" is the sort of "threadbare assertion" that is insufficient to defeat a Rule 12(b)(6) motion, particularly on a fraud-based claim subject to Rule 9(b). *See Iqbal*, 129 S. Ct. at 1949; *Tricontinental Indus. v. Pricewaterhouse Coopers, LLP,* 475 F.3d 824, 840-42 (7th Cir. 2007).

6

The Court is therefore left with a complaint that posits a scenario completely inconsistent with fraud: that Dial has unchallenged substantiation for the alleged advertisements. Under such circumstances, plaintiff's claims are simply not plausible, let alone sufficient to meet the heightened pleading standards of Rule 9(b). They should be dismissed. *Iqbal*, 129 S. Ct. at 1949 (where the pleaded facts are inconsistent with a defendant's liability, the complaint "'stops short of . . . plausibility of 'entitlement to relief.'"); *see also Knoob*, 2009 WL 3188237, at *1; *Yates v. Hilderbrand*, No. 09-372-GPM, 2009 WL 4788914, at *3 (S.D. Ill. Dec. 9, 2009) (dismissing claims for lack of plausibility where plaintiff's own allegations undercut his theory of relief); *Marc Maghsoudi Enterprises, Inc. v. Tufenkian Import/Export Ventures, Inc*., No. 08 C 441, 2009 WL 3837455, at *2 (N.D. Ill. Nov. 16, 2009) (same).

### B. The Remaining Allegations Of The Complaint Do Not Make Plaintiff's Claims More Plausible.

The remaining allegations in plaintiff's complaint do not cure the pleading defect described above. All plaintiff alleges is that a literature review and statements by third parties support his claims. Both are inapposite, however. The literature review does not involve Dial Complete or an equivalent formula. The third-party statements concern the general safety of triclosan and whether it "fights infection" – not whether it kills germs. Plaintiff's reliance on these materials is nothing more than a diversion that asks this Court to compare apples to oranges. Such allegations should be disregarded.

Plaintiff alleges that there is a literature review of 27 studies that is purportedly "contrary" to the Fischler Study (Compl., ¶ 29). That review, Allison Aiello, *et al*., *Consumer*

7

*Antibacterial Soaps: Effective or Just Risky?*, 2007 Clinical Infectious Diseases 45: S137-47 ("Aiello Article"), is attached hereto as Exhibit C.[4]

But the Aiello Article does not contradict the conclusions of the Fischler Study or Dial's claims. First, the Aiello Article does not even review the Fischler study. Second, none of the nine studies concerning the effectiveness of triclosan-containing soaps at reducing bacteria in the Aiello Article involved Dial Complete or any antibacterial soap formula equivalent to it.[5] Third, the remaining 18 studies reviewed in the Aiello Article, again none of which studied Dial Complete, do not have anything to do with the claim allegedly made by Dial. (Ex. C, at 140-42)[6] Plaintiff's citation of the Aiello Article therefore cannot support his claims for relief. Instead, the Aiello Article serves only to underscore that plaintiff has no ***particularized facts*** calling into question the effectiveness of Dial Complete.

Plaintiff's allegations about comments by the FDA, Congressman Edward J. Markey, the American Medical Association ("AMA"), Canadian Pediatric Society ("CPA") and "other groups" are similar red herrings. (*See* Compl., ¶ 31.) The alleged comments do not relate to

---

[4] The Court may properly consider the Aiello article for the same reason that it may consider the Fischler study. *See* n.2, *supra.*

[5] The article indicates the triclosan levels of products tested in each of the studies reviewed. (*See* Ex. B, at S140-41.) None of the studies indicates that it involved the Dial Complete formula or even that it involved a product with the same triclosan concentration as Dial Complete (0.46%). (*See id.*)

[6] The remaining 18 studies are either about the safety of triclosan ("safety studies") or the transmission of disease after use of triclosan-containing soaps ("infectious illness studies"). (*See id.*) Plaintiff does not claim that he was physically injured by Dial Complete, which makes the safety studies irrelevant. Nor does he allege that Dial Complete claims to reduce illness, which makes the infectious illness studies irrelevant.

Dial Complete, or the bacteria-reducing effectiveness of triclosan, but rather to the therapeutic risks of the chemical. But the purported therapeutic risks of triclosan are not at issue here because plaintiff claims no physical injury from his alleged use of Dial Complete. Thus, for example, the FDA's alleged "concern that triclosan may alter hormone regulation, or could create antibiotic-resistant criteria" (*id*.) is irrelevant to plaintiff's claims, as is Representative Markey's alleged concern about "possible health risks" of triclosan-containing products. (*Id*.) Concerns of the AMA and CPS are likewise inapposite because these organizations allegedly commented only on how the soaps "fight[] infection," – not whether they reduce bacterial levels, which are the only claims plaintiff challenges. Plaintiff's attempt to bootstrap the comments of these public groups to support his claims is precisely the type of "unwarranted inference" of fact that is insufficient to defeat a motion to dismiss. *See U.S. v. Midwest Transport, Inc*., No. 08-328-GPM, 2008 WL 4981076, at *1 (S.D. Ill. Nov. 24, 2008) (citing *First Ins. Funding Corp. v. Federal Ins. Co.,* 284 F.3d 799, 804 (7th Cir. 2002)).

\*   \*   \*

Implausible claims require dismissal. *Iqbal*, 129 S. Ct. 1937. Plaintiff's claims here are implausible because he admits that the Fischler Study supports the alleged "one message" about Dial Complete. He pleads no particularized facts challenging that study, just conclusory rhetoric and unwarranted inferences which should be disregarded for purposes of a motion to dismiss. A defendant should not be subjected to the costs of a lawsuit, particularly one sounding in fraud, where a plaintiff has nothing but conjecture and unwarranted inferences to support his claims. *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("largely groundless claim[s]" should not be allowed to "take up the time of a number of other people," and "basic

9

deficienc[ies] should ... be exposed at the point of minimum expenditure of time and money by the parties and the court"); *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994) (Rule 9(b) serves to protect defendants from reputational harm, strike suits, and fishing expeditions).

## II. PLAINTIFF'S CLAIMS FOR BREACH OF WARRANTY (COUNT II) AND UNJUST ENRICHMENT (COUNT III) FAIL FOR INDEPENDENT, ALTERATIVE REASONS.

### A. Lack Of Privity Bars Plaintiff's Breach Of Warranty Claim (Count II).

Under Illinois law, breach of warranty claims for pure economic loss are subject to the privity requirement. *See Szajna v. Gen. Motors Corp.*, 503 N.E.2d 760, 766-67 (Ill. 1986); *Spiegel v. Sharp Elec. Corp.*, 466 N.E.2d 1040, 1043 (Ill. Ct. App. 1984). Plaintiff has alleged only pure economic loss. In particular, he alleges that, had he been aware of the alleged misrepresentations, he "would not have purchased the Product, or would not have paid a premium price for the Product." (Compl., ¶ 36). Nowhere in his Complaint does he allege any physical injury that would entitle him to non-economic damages. Thus, he is required to have privity with Dial to pursue his breach of warranty claim.

Because plaintiff does not allege that he bought Dial Complete from The Dial Corporation, no privity exists. *Jensen v. Bayer AG*, 862 N.E.2d 1091, 1099 (Ill. Ct. App. 2007) (finding no privity where plaintiff purchased product from pharmacy rather than manufacturer). Accordingly, Count II should be dismissed.

### B. Plaintiff's Unjust Enrichment Claim (Count III) Fails Because He Has Pled The Existence Of A Written Contract.

Plaintiff's unjust enrichment claim fails for two independent reasons. First, he cannot

plead unjust enrichment in addition to a claim for breach of warranty.  Second, plaintiff does not allege any improper conduct by Dial that could support a claim for unjust enrichment.

A plaintiff cannot seek equitable relief under a theory of unjust enrichment when he simultaneously asserts the existence of a valid contract.  *See Hickman v. Wells Fargo Bank N.A.*, 683 F. Supp. 2d 779, 797 (N.D. Ill. 2010) ("Under Illinois law, however, a cause of action for unjust enrichment is unavailable where, as here, the parties have entered into a contract which governs the dispute."); *Guinn v. Hoskins Chevrolet*, 836 N.E.2d 681, 704 (Ill. App. Ct. 2005) ("[W]hile a plaintiff may plead breach of contract in one count and unjust enrichment . . . in others, it may not include allegations of an express contract which governs the relationship of the parties, in the counts for unjust enrichment . . . ."); *Lantz v. Am. Honda Motor Co.*, No. 06 C 5932, 2007 WL 1424614, at *12 (N.D. Ill. May 14, 2007) (dismissing plaintiffs' unjust enrichment claims because "they have an adequate remedy at law under the warranty provisions of the purchase agreements").

Yet that is precisely what plaintiff attempts to do here:  He pleads that he "formed a contract with Dial at the time [he] purchased the Dial Complete." (Compl., ¶ 54.)  The very first paragraph of his unjust enrichment count incorporates the "foregoing allegations," including the allegation of the existence of contract. (Compl. ¶ 63.)  Stated otherwise, plaintiff attempts to enforce an alleged contract to hold Dial liable for an alleged breach of warranty that is based on the very same conduct that supports his claim for unjust enrichment. (*Compare id.* at ¶ 69 *with id*. at ¶ 73).  Illinois law bars such pleading.[7]

---

[7] Plaintiff appears to recognize this rule, asserting this claim "in the alternative on behalf of Plaintiff and Class members to the extent that any contracts do not govern" their dispute with

Plaintiff's unjust enrichment count should also be dismissed for the additional reason that the complaint does not allege that Dial engaged in any wrongful conduct that could support a claim for unjust enrichment. To state a claim for unjust enrichment, a plaintiff must show that (1) the defendant has "unjustly retained a benefit to the plaintiff's detriment," and (2) the defendant's "retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *Hickman,* 683 F. Supp. 2d at 796-97. Unjust enrichment is not a "catch-all" theory that can simply be asserted in the absence of a viable claim. "For a cause of action based on a theory of unjust enrichment to exist, there must be an independent basis that establishes a duty on the part of the defendant to act and the defendant must have failed to abide by that duty." *Id.* at 797 (internal citations omitted). It "is not a separate cause of action that, standing alone, would justify an action for recovery." *Id.* (internal citations omitted). "Rather, it is a condition that may be brought about by unlawful or improper conduct as defined by law, such as fraud, duress, or undue influence, and may be redressed by a cause of action based upon that improper conduct." *Id.* (internal citations omitted).

Plaintiff cannot satisfy these requirements. As discussed in Sections I and II.A above, there has been no unlawful conduct by Dial. Dial's conduct did not violate any state statute, let alone take actions amounting to "fraud, duress, or undue influence." *See Hickman*, 683 F. Supp. 2d at 797. Consequently, Count III should be dismissed.

## CONCLUSION

---

Dial. (Compl., ¶ 64). Significantly, however, plaintiff never contends that alleged warranty is unenforceable.

For the foregoing reasons, The Dial Corporation respectfully requests that this Court dismiss plaintiff's complaint with prejudice.

Dated: November 19, 2010

/s Eugene A. Schoon
Richard D. Raskin (admitted *pro hac vice*)
Eugene A. Schoon
Elizabeth M. Chiarello (admitted *pro hac vice*)
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000 (Tel)
(312) 853-7036 (Fax)
eschoon@sidley.com

# CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2010 I electronically filed the foregoing using the CM/ECF system which will send notification of such filing(s) to such filing(s) to all counsel of record.

/s Elizabeth M. Chiarello
Elizabeth M. Chiarello (admitted *pro hac vice*)
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000 (Tel)
(312) 853-7036 (Fax)
echiarello@sidley.com