UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID WALLS, On Behalf Of Himself And On Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>v.<br><br>THE DIAL CORPORATION,<br><br>       Defendant. | Civil Action No.3:10-cv-00734-WDS-DGW |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

**I.    INTRODUCTION**

Defendant Dial Corporation raised this motion to dismiss pursuant to Rule 12(b)(6) on the basis that none of the three counts in the Complaint state any plausible grounds for relief. The primary issue before the Court is whether Plaintiff alleged sufficient facts to support a "plausible basis" for his claims, as required by *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 566 (2007). As outlined below, the Complaint sets forth detailed factual allegations which, when taken as true and viewed in a light most favorable to Plaintiff, clearly provide a plausible basis for Plaintiff's claims under the applicable pleading standards. Defendant's motion lacks merit and should be denied.

In short, Defendant argues Count I (Illinois Consumer Fraud and Deceptive Business Practices Act) cannot stand because Plaintiff did not affirmatively disprove in the Complaint the results of Dial's own research study. This argument is made despite Plaintiff's allegations that the self-serving study has been disproved; independent scientists, the FDA, American Medical Association, and other groups have determined that liquid soaps containing triclosan show no benefit

1

over regular soap and water. Defendant next argues Count II (Breach of Express Warranty) should be dismissed for lack of privity based on the law of implied warranty. Plaintiff clearly alleged the existence of a contract and that Plaintiff's claim is based on an express warranty. Despite this, Defendant's misleading argument is based on the law for an implied warranty. Finally, Defendant argues Count III (Unjust Enrichment) should be dismissed because it incorporates by reference all prior allegations which includes the existence of a contract, even though Count III was clearly pled in the alternative to the existence of a contract and contains significant allegations of wrongful conduct. None of Defendant's arguments warrant dismissal and Defendant's motion to dismiss should be denied in its entirety.

## II.     LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss challenges the legal sufficiency of the complaint to state a claim upon which relief may be granted. *See Davis v. Monroe Co. Bd. of Educ.*, 526 U.S. 629, 633 (1999). To survive a 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although *Twombly* rejects the "no set of facts" standard from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), the Supreme Court did "not require heightened fact pleading of specifics." *Id.*

The test is not whether the plaintiff will "ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (cited in *Twombly*, 550 U.S. at 563, n.8). A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). Plaintiffs need only "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Further, a plaintiff's complaint need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief" that is "sufficient to provide the defendant with fair notice of the claim and its basis." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir.2008) (citing *Twombly*, 550 U.S. 544 (2007)); Fed.R.Civ.P. 8(a)(2). In ruling on a Rule 12(b)(6) motion, this Court must construe the complaint in the light most favorable to Plaintiff, accept all allegations as true, and draw all reasonable inferences in favor of Plaintiff. *See Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009).

## III. ARGUMENT

### A. Plaintiff has pled sufficient facts to state a plausible claim that Defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act.

In order to properly analyze Count I in light of a Rule12(b)(6) motion it is helpful to understand the background of the ICFA and what is required to maintain a claim thereunder. The ICFA "is a regulatory and remedial statute intended to protect consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Goldberg v. 401 N. Wabash Venture LLC*, 2010 WL 1655089 at * 7 (N.D. Ill. Apr. 22, 2010) (citing *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 960 (Ill. 2002)); *Rockford Mem'l Hosp. v. Havrilesko*, 858 N.E.2d 56, 61 (Ill.App.Ct. 2006). The ICFA "eliminated many of the common-law fraud elements, creating a new cause of action that affords consumers broad protection." *Id.* (citing *Havrilesko*, 858 N.E.2d at 61; *Miller v. William Chevrolet/Geo, Inc.*, 762 N.E.2d 1, 11 (Ill.App.Ct. 2001)(quoting *Totz v. Continental DuPage Acura*, 602 N.E.2d 1374, 1380 (Ill.App.Ct. 1992)("The [ICFA] offers 'a clear mandate to the Illinois courts to utilize the [ICFA] to the greatest extent possible to eliminate all forms of deceptive and unfair business practices and provide appropriate relief to consumers.'"). Moreover, the ICFA "is to be liberally construed to

3

effect its purposes." *Id.* (citing *Havrilesko,* 858 N.E.2d at 61; *Thacker v. Menard, Inc.,* 105 F.3d 382, 386 (7th Cir. 1996)).

To state a claim under the ICFA, a plaintiff must plead: (1) the misrepresentation or concealment of a material fact; (2) an intent by the defendant that the plaintiff rely on the misrepresentation or concealment; and (3) that the deception occurred in the course of conduct involving trade or commerce. *See Olson v. Jenkins & Gilchrist,* 461 F.Supp.2d 710, 719, n. 5 (N.D. Ill. 2006) (citing *Randazzo v. Harris Bank Palatine, N.A.,* 262 F.3d 663, 671 (7th Cir. 2001)). A fact is material for purposes of the ICFA if the plaintiff would have acted differently had he been aware of it, or if it concerned the type of information upon which he would be expected to rely upon in making his decision. *Nevarex v. O'Conner Chevrolet, Inc.,* 426 F.Supp.2d 806, 817 (N.D. Ill. 2006).

In this case, Plaintiff clearly pled with sufficient particularity the deceptive business practices engaged in by Defendant to satisfy the requirement set forth in Rule 9(b).[1] Under Rule 9(b), a plaintiff is required to plead the "who, what, when, where and how" of the circumstances surrounding the deceptive practices. *See generally, DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990). Plaintiff's Complaint satisfies this requirement as it contains numerous allegations that specify unfair and deceptive business practices of Defendant such as: the Dial website at http://Dials.com, which

---

[1] Under the ICFA, a plaintiff may recover for *unfair* as well as *deceptive* conduct. *See Havrilesko,* 368 Ill.App.3d at 121 (emphasis added). Thus, "a practice can be unfair without being deceptive." *Id.* In this case, Plaintiff alleged Defendant engaged in both *unfair* and *deceptive* conduct. (See Complaint ¶¶ 50-51). While Plaintiff is confident that Count I satisfies the particularity requirement of Rule 9(b), Plaintiff wishes to point out that contrary to Defendant's assertion, Rule 9(b) does not apply to Plaintiff's allegations of unfair conduct as opposed to the allegations of deceptive conduct. *See Windy City,* 536 F.3d at 670 ("Because neither fraud nor mistake is an element of unfair conduct under Illinois' consumer Fraud Act, a cause of action for unfair practices under the Consumer Fraud Act need only meet the notice pleading standard of Rule 8(a), not the particularity requirement in Rule 9(b)").

4

states that it is "over 10 times more effective at killing disease-causing germs than ordinary liquid soap" and "over 1000 times more effective at killing disease-causing germs than other antibacterial liquid hand soap" and "shown to help reduce disease transmission by 50% compared to washing with a plain soap"; the Product packaging stating that it "KILLS MORE GERMS Than Any Other Liquid Hand Soap"and; Dial's web-based "Campaign for Clean Hands" reported by Ad Week and claiming "Superior Germ Kill." (See Complaint ¶¶ 19-22).[2]

These allegations all specifically describe with particularity that the representations were made by Defendant, the exact nature and content of the representations, and even the mediums through which the misleading and deceptive representation were made. When read together with the allegations that independent scientists and the FDA have determined that liquid soap with triclosan is no better than regular soap and water, this Court can draw the reasonable inference that Defendant violated the ICFA by making misleading and deceptive statements about their product. All of these representations were made by Defendant when the truth is, using Dial Complete is no better than washing with ordinary soap and water.

The entire basis of Defendant's argument for dismissing Count I is that somehow Plaintiff is required to affirmatively disprove Dial's self-serving study in the Complaint in order to state a plausible claim, and Plaintiff failed to do so. Therefore, somehow Plaintiff's pleading is defective and must be dismissed. Defendant, however, cannot cite a single case where a plaintiff has the burden

---

[2] Plaintiff's Complaint sufficiently pleads the other elements of an IFCA claim such as the product was a good sold in trade or commerce, that Plaintiff would have acted differently had he been aware of the truth about Dial Complete, that Defendant acted intentionally, and that Plaintiff was damaged as a proximate result of Defendant's conduct. (See Complaint ¶¶ 49, 36, 25, 52, 56, 54).

5

to affirmatively disprove a defendant's study or report that supports Defendant's case at the pleadings stage of litigation, especially where as here, the plaintiff has affirmatively alleged sufficient facts that contradict that study. Unlike the cases cited to in Defendant's motion, this is not a situation where Plaintiff has no evidence to support the fact that Defendant's claims were fraudulent and misleading.

Plaintiff has affirmatively pled the existence of an independent research study, published in an academic journal, where scientists conclude that liquid soaps containing triclosan are no better than regular soap and water. (See Complaint ¶ 29). In addition, Plaintiff pled factual allegations that in an April 8, 2010 "Consumer Update," the FDA stated that: "At this time, FDA does not have evidence that triclosan added to antibacterial soaps and body washes provides extra health benefits over soap and water." (See Complaint ¶ 33). Plaintiff has further alleged that the Canadian Pediatric Society and the American Medical Association have publicly stated that antibacterial soaps and washes are no more effective than regular soap and water in fighting infection in everyday use. (See Complaint ¶ 31). Despite Defendant's attempt to discredit all of these studies and reports in its motion to dismiss, the fact is at this stage in the litigation this Court must assume that these factual allegations are true. That is, antibacterial liquid soaps containing triclosan are not any better than regular soap and water.

Drawing all reasonable inferences in favor of Plaintiff and accepting the factual allegations as true, Count I contains significant facts to state a claim under the ICFA that is plausible on its face. Plaintiff pled substantial facts with particularity that independent scientific studies, the FDA, and other groups contradict Defendant's misleading and deceptive statements about the "superiority" of Dial Complete over regular soap and water. Plaintiff has certainly pled enough facts to provide

6

Defendant with fair notice of the claim and its basis and to allow this Court to draw the reasonable inference that Defendant was in violation of the ICFA. Accordingly, Defendant's motion to dismiss Count I should be denied.

> **B. Plaintiff has pled sufficient facts to state a claim for breach of an express warranty.**

Plaintiff's breach of express warranty count is also sufficiently pled. Plaintiff has specifically alleged that a contract was formed between Plaintiff and Dial, that the terms included the promises and affirmations Dial made through marketing and advertising, that the labeling and advertising constituted express warranties and became part of the basis of the bargain, and that Dial breached the terms of the warranty by not providing the benefits that were promised. (See Complaint ¶59). For a breach of express warranty claim, nothing more is required. Express warranties are contractual in nature and "[i]n an express warranty action, plaintiff must show breach of an affirmation of fact or promise which was made part of the basis of the bargain." *Wheeler v. Sunbelt Tool Co., Inc.* 537 N.E.2d 1332, 1341 (Ill. Ct. App. 1987). Taking the allegations in the Complaint as true, Plaintiff's claim for breach of express warranty is adequately pled to withstand a motion to dismiss.

The law and the cases relied upon by Defendant are completely misguided. Defendant's attempt to distinguish claims for pure economic loss from claims for physical injury and engage this Court in a privity analysis is ill-considered. The *Szajna*, *Spiegel*, and *Jensen* cases cited by Defendant all involve claims based on breach of an <u>implied</u> warranty, but Plaintiff's claim here is for breach of an <u>express</u> warranty, which is contractual in nature. In reasoning that privity was required for the recovery of purely economic loss based on an implied warranty theory, the court in *Szajna* expressly noted that "recovery for economic loss must be had within the framework of contract law." *Szajna v. Gen. Motors Corp.*, 503 N.E.2d 760, 764. This is precisely what Plaintiff is doing here. Where

a contract exists, privity exists. In this case, Plaintiff has specifically pled a contractual relationship between Plaintiff and Dial and is seeking recovery for breach of express warranties that were part of that contract. (See Complaint ¶ 59). Defendant's implied warranty analysis is not applicable to this case, but nevertheless Plaintiff has pled privity through the formation of a contract between the parties. Plaintiff's claim for breach of express warranty is sufficiently pled to provide Defendant with fair notice of the claim and its basis, and Defendant's motion to dismiss Count II should be denied.

### C. Count III sufficiently states a claim for unjust enrichment.

Defendant also claims that Plaintiff's unjust enrichment count fails because "he cannot plead unjust enrichment in addition to a claim for breach of warranty" and "plaintiff does not allege any improper conduct by Dial that could support a claim for unjust enrichment." (Defendant's Motion to Dismiss pp.10, 11). Once again, Defendant is simply wrong.

First of all, Plaintiff properly pled his unjust enrichment count in the alternative "to the extent that any contracts do not govern." (See Complaint ¶ 64). Fed.R.Civ.P. 8(d) clearly allows a plaintiff to plead alternative claims, even if they are inconsistent. Plaintiff acknowledges that under Illinois law an unjust enrichment claim will not be proper if it is proven that a valid and enforceable contract governs the relationship between the parties. However, to the extent that any contracts do not govern this dispute, Plaintiff's claim for unjust enrichment is properly pled in the alternative.

In *Hickman*, cited by Defendant, the court makes clear that "if there is no dispute over the existence of a contract, a claim for unjust enrichment necessarily fails." *Hickman v. Wells Fargo Bank N.A.*, 683 F. Supp. 2d 779, 797 (N.D. Ill. 2010). However, that court also stated "a party may plead a claim for unjust enrichment in the alternative where the existence of a valid contract is questioned." *Id.* In *Hickman*, the parties did not contest the existence of a valid contract between

them and the unjust enrichment claim was dismissed accordingly. Here, if Defendant admits there is a valid and enforceable contract between Defendant and all members of the potential class, then Plaintiff is willing to concede that the unjust enrichment claim should be dismissed. However, in the event a contract between the parties is disputed, the law is clear that Plaintiff's alternative claim for unjust enrichment must be allowed to stand.[3]

Further, the Complaint alleges wrongful conduct by Dial which, when taken as true, would support a claim for unjust enrichment. As Defendant referenced in its motion, to state a claim for unjust enrichment, a plaintiff must show (1) the defendant has "unjustly retained a benefit to the plaintiff's detriment," and (2) defendant's "retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *Hickman*, 683 F. Supp. 2d at 796-97. Plaintiff's unjust enrichment count alleges that an economic benefit was conferred upon Dial at the time of purchase, that the product did not perform as promised, and that it would be inequitable to allow Defendant to retain the profits it secured through the wrongful marketing and selling of the product. (See Complaint ¶¶ 65, 67). Plaintiff further alleges that had he known that Dial Complete provided no benefit over washing with regular soap and water, he would not have purchased Dial Complete or would have paid less for it. (See Complaint ¶ 6). Assuming the truth of the allegations in the Complaint and drawing all inferences in favor of Plaintiff, Plaintiff has stated a claim for unjust enrichment that is plausible on its face, and Defendant's motion to dismiss Plaintiff's unjust enrichment count should be denied.

---

[3] Despite clearly bringing Count III in the alternative and stating that the claim was being asserted to the extent any contracts do not govern (See Complaint ¶ 64), Defendant argues that first paragraph in Count III is fatal to Plaintiff's unjust enrichment claim because it incorporates by reference all of the above allegations, which includes the existence of a contract. To the extent the Court believes this is detrimental to Plaintiff's unjust enrichment claim then Plaintiff respectfully requests leave to amend Count III to specifically state that it is not incorporating by reference any allegation of a contract.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's motion to dismiss in its entirety.

Respectfully submitted,

HOLLAND GROVES SCHNELLER & STOLZE, LLC

/s/ Eric D. Holland
Eric D. Holland 6207110
Ryan M. Furniss 6282915
300 North Tucker Blvd., Suite 801
St. Louis, Missouri 63101
(314) 241-8111
(314) 241-5554 (fax)
eholland@allfela.com
rfurniss@allfela.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Plaintiff's Response to Defendant's Motion to Dismiss was filed electronically with the Clerk of the Court using CM/ECF system this 17th day of January, 2011. Notice of this filing will be sent to all counsel registered to receive electronic service by operation of the court's electronic filing system.

/s/ Eric D. Holland