# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID WALLS, On Behalf Of Himself And On Behalf Of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL NO. 3:10-cv-00734-JPG-DGW |
| vs. | ) ) ) | |
| THE DIAL CORPORATION, | ) ) | |
| Defendant. | | |

## DEFENDANT'S REPLY MEMORANDUM
## IN SUPPORT OF ITS MOTION TO DISMISS

By incorporating the Fischler Study in the Complaint, plaintiff admitted that Dial based its claims on a peer-reviewed study finding Dial Complete more effective at killing germs than regular soap and water. (*See* Dial Mem., Ex. B at 2875; *id.* at 3, n. 2.) The Court need look no further than this admission to dismiss plaintiff's claims with prejudice.

Rather than backing away from this admission, plaintiff's response brief reinforces it by acknowledging that the Fischler Study "supports Defendant's case at the pleadings stage of litigation." (Pl. Br. 6.) This is precisely Dial's point in moving to dismiss. The pleadings are all that matter at this stage, and there are no factual allegations here that undermine the conclusions of the Fischler Study. Plaintiff does not – and cannot – cite any allegations in the Complaint that take issue with the study's methodology, its conclusions, or the fact that those conclusions directly support the representations made about Dial Complete. Nor does plaintiff contend that he would allege flaws in the study if given leave to amend. Without such an assertion, the Complaint should be dismissed with prejudice. *See Arreola v. Godinez*, 546 F.3d 788, 796 (7th

Cir. 2008) (leave to amend should not be granted where it would be futile); *Rosas v. BB Holdings P'Ship*, 362 F. Supp. 2d 986, 990 (S.D. Ill. 2005) (same).[1]

Plaintiff argues that he does not have to "affirmatively disprove" the Fischler Study to state a plausible claim. (Pl. Br. 5). This is a strawman. Dial does not contend that proof is required at this stage – only particularized factual allegations sufficient to state a plausible claim. By acknowledging that a peer reviewed study supports Dial's claims about Dial Complete and not disputing that study's conclusions, plaintiff pleads a case that is facially implausible.[2]

Rather than refuting the Fischler Study, plaintiff's brief rests on allegations of statements by the AMA, Canadian Pediatric Society ("CPA"), and Food and Drug Administration ("FDA"), plus the Aiello Article (attached as Ex. C to Dial Mem.). Plaintiff contends that these sources permit the "reasonable inference" that Dial made misleading statements about Dial Complete. (Pl. Br. 5-6.) They do not, however, for at least three reasons.

First, the CPA, AMA, and FDA allegedly commented on representations that *plaintiff is not alleged to have viewed and that Dial is not alleged to have made*. The CPA and AMA allegedly said that antibacterial soaps "are no more effective than regular soap and water ***in fighting infection*** in everyday use." (Compl., ¶ 31 (emphasis added).) "Fighting infection" is not a representation Dial allegedly made about Dial Complete. The FDA's alleged statement is

---

[1] Plaintiff reiterates his allegation that the Fischler Study is self-serving (Pl. Br. 1, 5), but as Dial explained, an in-house study provides a perfectly legitimate foundation on which to base advertising claims. (*See* Dial Mem. 6.)

[2] Given his problem with establishing deceptive conduct in accordance with Rule 9(b), plaintiff argues that Dial's conduct was not merely deceptive but, also, amounted to "unfair business practices." (Pl. Br. 4, n. 1.) But unfair business practices claims are subject to Rule 8, and such claims fail for the same reason as his claims for deception.

that it "***does not have evidence*** that triclosan added to antibacterial soaps and body washes provides extra ***health benefits*** over soap and water." (*Id.* ¶ 33 (emphasis added).) Taken as true, this merely means the FDA lacks evidence on the subject of health benefits. It does not mean that Dial Complete does not kill germs as claimed.

Second, neither the third parties nor Aiello are alleged to have studied Dial Complete. (*See* Dial Mem. 7-8.) The third parties referred generically to triclosan-containing soaps and body washes. And Aiello did not review the Fischler Study or any other study on Dial Complete. (*id*. at 8, and Ex. C thereto.) Plaintiff does not dispute this or even attempt to explain how his allegations are still relevant without any reference in these sources to Dial Complete.

Third, even if the third-party statements or Aiello Article could be construed as contrary to the Fischler Study – which, on their plain terms, they cannot – plaintiff's claim is still not plausible. When a plaintiff admits that a defendant's claims are supported by reliable scientific evidence, he cannot make out a plausible claim of fraud merely by pointing to the existence of contrary evidence. If the law were otherwise, a company could not make any claims for its product absent scientific unanimity. *Cf. Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590 (1993) ("it would be unreasonable to conclude that the subject of scientific testimony must be 'known' to a certainty; arguably, there are no certainties in science"). In any event, as discussed above, plaintiff has not alleged any contrary evidence that relates to Dial Complete or the claims that Dial makes about it.

Regarding his warranty claim, plaintiff first argues that privity is required only for breach of ***implied*** warranty claims – and not for breach of ***express*** warranty claims. (Pl. Br. 2, 7.)

Illinois law is to the contrary. *Spiegel v. Sharp Elec. Corp.*, 466 N.E.2d 1042-43, 1043 (Ill. Ct. App. 1984) (referencing claim brought pursuant to Ill. Rev. Stat. 1983, ch. 26, § 2-313, which is the section governing express warranties, and holding that "privity generally remains a requirement in ***all*** warranty actions in Illinois") (emphasis added).[3]

Plaintiff's quotation that "recovery for economic loss must be had within the framework of contract law" (Pl. Br. 7), does not help him. Illinois law holds that recovery for economic loss-only breach of warranty claims may be maintained only ***against one with whom plaintiff has privity***. *See Caterpillar*, 393 F. Supp. 2d at 677. In other words, the concepts of warranty and privity are distinct – and, for claims of economic loss, plaintiff must allege both.

Plaintiff then argues that he has impliedly alleged privity with Dial by alleging the formation of a contract. (Pl. Br. 7-8.) But what the Complaint characterizes as a "contract" is simply the alleged warranty. (*Id.* at 12 (terms of contract include "promises and affirmations of fact made by Dial on the labels of the Dial Complete"). In other words, plaintiff does not allege that he had a separate contract to purchase Dial Complete directly from Dial, but that the same representations that allegedly gave rise to the warranty also created a contract, thereby creating privity. This argument was considered and rejected in *Caterpillar*. *See* 393 F. Supp. 2d at 677 (holding that Caterpillar "may have established the existence of an express warranty by alleging that Usinor made numerous promises regarding the performance of the Creusabro steel," but

---

[3] *See also N. Ins. Co. of N.Y. v. Silverton Marine Corp.*, No. 10 CV 345, 2010 WL 2574225, at *2 (N.D. Ill. June 23, 2010) (under Illinois law, "privity of contract is required to enforce an express warranty where economic loss is alleged"); *Caterpillar, Inc. v. Usinor Industeel*, 393 F. Supp. 2d 659, 677 (N.D. Ill. 2005) ("under Illinois law, however, a party without a warranty assignment alleging purely economic loss must be in privity of contract.").

only the intermediary, CMSA, was in privity with Usinor; thus "Caterpillar cannot enforce the express warranty and its claim of breach against Usinor cannot be sustained.").

Finally, the Complaint does not specifically identify any statements that could serve as the basis of a claim for breach of an express warranty. (*See* Compl., ¶ 59). As explained above, plaintiff has not plausibly pleaded that any of Dial's representations about Dial Complete are false.

As for plaintiff's unjust enrichment claim, the law is clear that a plaintiff "may not include allegations of an express contract . . . in the counts for unjust enrichment." *See Guinn v. Hoskins Chevrolet*, 836 N.E.2d 681, 704 (Ill. App. Ct. 2005). Plaintiff violated this rule by incorporating into his unjust enrichment count an allegation that a contract existed between him and Dial. (*Id.*) He recognizes this, and asks the Court for leave to re-plead this count correctly. (Pl. Br. 9, n. 3.) Leave to re-plead is unnecessary here, however, because plaintiff's unjust enrichment claim fails for the additional, independent reason that he is required to plausibly plead some unjust conduct by Dial. For the reasons already stated, he has not done so.

Dial respectfully requests that this Court dismiss plaintiff's complaint with prejudice.

Dated: February 8, 2011 /s Eugene A. Schoon
Eugene A. Schoon
Richard D. Raskin (admitted *pro hac vice*)
Elizabeth M. Chiarello (admitted *pro hac vice*)
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000 (Tel)
(312) 853-7036 (Fax)
eschoon@sidley.com

5

# CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2011, I electronically filed the foregoing using the CM/ECF system which will send notification of such filing(s) to such filing(s) to all counsel of record.

/s Elizabeth M. Chiarello
Elizabeth M. Chiarello (admitted *pro hac vice*)
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000 (Tel)
(312) 853-7036 (Fax)
echiarello@sidley.com
